PER CURIAM.
Anthony Lee Jackson (the father) appeals the lower court’s Order to Resign General Master’s Report and the lower court’s Child Support Income Deduction Order and Order Requiring Payment Through Central Depository.
We will not dwell on the long and tortured history of this case. As concerns this appeal, the trial court referred several matters to the General Master. On June 30, 1998, the following matters were heard before the General Master: Gwendolyn Dildy’s (the mother) Motion for Relief from Judgment, Motion for Modification of Support Order, and Motion for Income Deduction. The General Master also heard the father’s Motion for Visitation, Motion to Correct Central Depository Printout, Motion for Relief from March 16, 1995 Judgment and Request for Deviation from Support Guidelines.
On September 1, 1998, the General Master executed his Report on the matters heard. On September 10, 1998, the father filed his Exceptions to General Master’s Report and scheduled a' hearing on the Exceptions for October 26, 1998. However, on September 22, 1998, inexplicably, the trial judge entered an Order on Report of General Master, ratifying and approving same. The Order on General Master’s Report was executed by the Court without a hearing on the father exceptions.
On October 13,1998, the father’s counsel received a Child Support Income Deduction Order and an Order Requiring Payment Through Depository implementing the support provisions of the General Master’s Report and Order. Both orders were dated September 23,1998.
The father filed an Emergency Motion for Reconsideration, Relief from Final Orders and Other Relief seeking to have the September 23, 1998 Orders set aside because the court had not heard the father’s exceptions to the General Master’s Report, which were scheduled for October 26,1998. The father was unable to secure an emergency hearing from the trial court; thus, he filed a Notice of Appeal seeking review of the Order Requiring Payment Through Central Depository and Child Support Income Deduction Order.
The parties attended the October 26, 1998 hearing which was to be on the father’s Exceptions to the Report of General Master. It was at the October 26, 1998 hearing that the father first became aware of the trial court’s September 22, 1998 Order on Report of General Master. The Order was not in the file; once the Order was located, the father filed his Motion for Relief From Judgment.
At the October 26, 1998 scheduled hearing, the trial court had just received the transcript of the proceeding before the Master, thus, the trial court had not had an opportunity to review it. The court further refused to hear any argument on the father’s Exceptions. Instead the court instructed the parties to file memoranda outlining their respective positions. On December 4, 1998, the trial court entered an Order Denying the father’s Exceptions *154 to the General Master’s Report and directing the Report to be resigned. This appeal followed.
Our brief factual recitation above can hardly serve to convey the confusion which has apparently reigned in this case. Nevertheless, because the trial judge refused to hear argument on the father’s timely filed Exceptions before entering a final order adopting same, we reverse. Because of the confusing nature of the record we do not reach the other issues raised. Monyek v. Monyek, 453 So.2d 504 (Fla. 3d DCA 1984); Fla. R. Civ. P. 1.490(h). On remand, the trial court will conduct a full hearing on the father’s Exceptions.
Reversed and remanded for further proceedings.